UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESA DALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV01090 AGF |
| | ) |
| PAINTERS DISTRICT COUNCIL NO. 2, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This employment discrimination action is before the Court on Defendants' motion for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e). Defendants argue that the complaint is too vague and ambiguous for them to reasonably prepare a response. For the reasons set forth below, the motion for a more definite statement shall be granted.

## BACKGROUND

The complaint asserts the following: Plaintiff Lesa Dalton was a female journeyman painter who, prior to April 18, 2009, had been employed by various contractors who had collective bargaining agreements with Defendant Painters District Council No. 2 ("District Council"). On April 15, 2009, in an open District Council meeting, Plaintiff complained to the District Council that she had been sexually harassed

by Defendant Joseph Barrett, the business manager and secretary-treasurer of the District Council. Plaintiff further alleges that in response to her complaint, the District Council fined her $5,000, and that starting around April 18, 2009, Defendants began advising all of its contractors not to hire Plaintiff for any more painting jobs. Plaintiff asserts that since that time, she has not been able to find employment as a painter.

The complaint notes that on August 10, 2009, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"); on May 28, 2010, the EEOC issued a Right to Sue Letter; and on June, 15, 2010, the MCHR issued a Right to Sue Letter. Plaintiff claims that Defendants violated Title VII of the Civil Rights Act of 1964 (Count I) and the Missouri Human Rights Act (Count II) by (1) sexually harassing her, (2) preventing her from working because she complained of the sexual harassment, (3) discriminating against her because she is a woman, and (4) retaliating against her for filing charges with the EEOC and MCHR.

Attached to the complaint is the administrative charge. In the "Discrimination Based On" section of the charge, Plaintiff only checked the "Retaliation" box. She stated that the discrimination began, at the earliest, on April 18, 2009. In the "Particulars" section of the charge, Plaintiff alleged that at the District Council meeting, the treasurer read a letter, written by Plaintiff, in which Plaintiff accused Barrett of the sexual harassment. Plaintiff concluded her charge by stating, "I believe I have been discriminated against due to retaliation in violation of Title VII."

Defendants argue that the complaint lacks sufficient facts supporting the claims of sexual harassment; specifically, the nature of the harassment, the date of the harassment, or where the harassment took place. Similarly, regarding the gender discrimination claim, Defendants contend that the complaint fails to provide facts as to by whom, how, and when the gender discrimination was committed. Defendants also argue that the sexual harassment and gender discrimination claims are "extraneous to the charge" because the charge only states a claim based on retaliation. Defendants maintain that the complaint fails to show that Plaintiff has complied with federal and state procedural rules regarding the gender and sexual harassment claims, and therefore, they cannot determine if a defense based on a failure to comply with the rules is available. For all the aforementioned reasons, Defendants assert that they are entitled to a more definite statement.

Plaintiff responds that because Defendants have a record of the District Council meeting and have in their possession the letter that was read at the meeting, her complaint provides Defendants with sufficient notice of her claims against them. She further argues that because the charge mentioned her letter that was read at the District Council meeting, the charge itself was also based on sexual harassment, and not merely retaliation.

## **DISCUSSION**

Federal Rule of Civil Prcedure 12(e) provides that a party may move for a more definite statement in response to a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A pleading that meets

3

Rules 8(a)'s notice pleading standard and puts the other party on notice of the claim does not provide a basis for requesting a more definite statement." Blankenship v. Chamberlain, 695 F. Supp. 2d 966, 977 (E.D. Mo. 2010) (citation ommitted). However, when a "'pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding.'" Whitehead v. City of St. Louis, No. 4:09CV483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)).

Here, Plaintiff's claims of sexual harassment and gender discrimination are blanket assertions unsupported by the pleaded facts. Sexual harassment and gender discrimination claims encompass such a vast array of possible violations, and without Plaintiff providing more details, Defendants cannot reasonably be expected to prepare a response to the claims. See Eisenach v. Miller-Dwan Med. Ctr., 162 F.R.D. 346, 349 (D. Minn. 1995) (holding that for a claim under the Americans with Disabilities Act to survive a Rule 12(e) motion, a plaintiff's complaint must include the means, manner, and timing of the defendant's purported violation of the statute). The administrative charge attached to the complaint provides no further details of the claimed sexual harassment or gender discrimination. Additionally, Plaintiff has not satisfied the Federal Rules' pleading requirements by making a reference to a letter that Defendants may or may not possess.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for a more definite statement regarding the facts supporting the claims of sexual harassment and gender discrimination is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including August 12, 2010, to file an amended complaint. Failure to comply with this Order may result in the dismissal without prejudice of some of Plaintiff's claims.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2010.