UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESA DALTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No. 4:10CV01090 AGF |
| | ) |
| PAINTERS DISTRICT COUNCIL NO. 2, | ) |
| and JOSEPH BARRETT, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the Court on the "renewed" motion filed by Defendants' former counsel in this case (Bartley Goffstein, L.L.C., Paul C. Hetterman, and James R. Kimmey, III (collectively referred to as "BG")) for reconsideration of this Court's Memorandum and Order (Doc. No. 64) dated April 8, 2011, granting Plaintiff's motion to disqualify BG as Defendants' counsel. For the reasons set forth below, the renewed motion shall be denied.

The background leading up to the Court's decision to disqualify BG as Defendants' counsel in this case is set forth in the Court's Order of April 8, 2011. Briefly, Plaintiff alleged in her then-current third amended complaint against her union and Joseph Barrett, who at various times was the Business Manager and/or Secretary-Treasurer of the union, that the two Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964 (Count I) and the Missouri Human Rights Act ("MHRA") (Count

II). Plaintiff alleged Defendants discriminated against her by Barrett's sexually aggressive conduct toward her; the union preventing her from working because she complained of the sexual harassment; discriminating against her because she is a woman; and retaliating against her for filing an administrative charge with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights and for airing her complaints against Barrett at an April 2009 union meeting. In Count III, Plaintiff claimed that Defendants violated the duty of fair representation by imposing a fine and by continuing to advise contractors not to her hire.

     Plaintiff moved to disqualify BG on the ground that in January 2009, she told the then Business Manager of the union about Barrett's alleged sexual harassment and that the Business Manager advised her to speak to Jeffrey Hartnett, a lawyer at Bartley Goffstein, L.L.C., the firm that represented the union. Plaintiff alleged that she followed this advice and discussed her claims with attorneys at Bartley Goffstein.

     Following an evidentiary hearing on the motion to disqualify, the Court found that Plaintiff did indeed call Bartley Goffstein in early 2009 and told both Hartnett and Kimmey, another lawyer at Bartley Goffstein, at least generally, about her alleged sexual harassment by Barrett. The Court further found that the two lawyers each told Plaintiff that she could (or even should) file an internal grievance, and did not tell her that she should contact another lawyer to represent her. They then told Plaintiff that as BG represented the union, the firm could not get involved in disputes between union members.

     Based on these findings, the Court determined that Plaintiff was seeking legal

advice when she spoke to Hartnett and Kimmey, that she reasonably believed that they gave her such advice, and that the advice was about the issues involved in the present case. The Court applied Missouri Rule of Professional Conduct 4-1.9(a), which provides: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing," and granted the motion to disqualify. The Court noted that the question was close, but that case law directed that any doubt be resolved in favor of disqualification.

     New counsel entered an appearance on behalf of Defendants on May 6, 2011, and on May 23, 2011, the Court denied Defendants' motion for reconsideration of the Order disqualifying BG.  Thereafter, by Memorandum and Order dated November 10, 2011, the Court granted Defendants' motion to dismiss Plaintiff's sexual harassment claims in Counts I and II, due to her failure to exhaust administrative remedies with respect to those claims, because in the administrative charge she had filed on August 10, 2009, she only complained about retaliation and not harassment or sexual discrimination.

     The Court, thus, concluded that Plaintiff's claims in Count I and II were limited to her retaliation claims against the union under Title VII, and against Barrett under Title VII and the MHRA (which recognizes supervisory liability).  The Court also denied the motion to dismiss, in large part, with regard to Count III, as well as with regard to a new count that had been added in Plaintiff's fourth amended complaint, namely, that

Defendants violated the Labor Management Reporting Disclosure Act ("LMRDA") by retaliating against Plaintiff for exercising her free speech rights in complaining about Barrett's sexual harassment.

As noted above, the motion now under consideration was filed by BG for renewed reconsideration of its disqualification as Defendants' counsel in this case. BG argues that "the remaining claims in the litigation are both factually and temporally distinct from the alleged facts supporting the now dismissed sexual harassment claim," and that none of the facts that Plaintiff divulged to BG are relevant to the remaining claims. BG argues that Defendants should therefore not be precluded from proceeding with counsel of their own choosing.

BG cites to a recent Missouri case, *State ex rel Thompson v. Dueker*, 346 S.W.3d 390, 396 (Mo. Ct. App. Aug. 9, 2011), which explains the different standards for disqualification of a lawyer that must be met by a former client, under Rule 4-1.9, as opposed to the standards applicable to such a request by a former prospective client, under Rule 4-1.18. The latter does not prohibit a lawyer from representing a client with interests adverse to those of a former prospective client in the same or substantially related matter unless the lawyer received from the prospective client information that could be significantly harmful if used in the matter. *Id.* at 396. Plaintiff argues that the renewed motion for reconsideration should be denied because all the claims in this action are "substantially related."

4

**DISCUSSION**

The Court maintains its belief that, based upon the facts divulged by Plaintiff to the two BG lawyers, BG could not have represented Defendants in Plaintiff's sexual harassment/discrimination claims. In *Thompson*, the Missouri Court of Appeals determined that a husband's attempt to disqualify a certain lawyer from representing his wife in their divorce proceedings was governed by Rule 4-1.18 and not Rule 4-1.9 because the husband did not allege "that during the consultation [with the lawyer] he sought or received any legal advice or assistance from [him]." *Id.* at 394-95. Here, by contrast, the Court found that Plaintiff did seek and receive legal advice.

Although not specifically noted by the Court in its earlier Order disqualifying BG, the Court supplements its findings, based on Plaintiff's credible testimony on the point, that when Plaintiff first called BG and spoke with Hartnett, Hartnett indicated to her that he was expecting her call and knew what it was about generally. This lends support to the Court's conclusion that BG intended to provide legal advice to Plaintiff and that Plaintiff had formed an attorney-client relationship with Bartley Goffstein attorneys. "An attorney-client relationship is established when a prospective client seeks and receives legal advice and assistance from an attorney who intends to provide legal advice and assistance to the prospective client." *Polish Roman Catholic St. Stanislaus Parish v. Hettenbach*, 303 S.W.3d 591, 601 (Mo. Ct. App. 2010); *see also United States v. Bailey*, 327 F.3d 1131, 1139 (10th Cir. 2003) (cited in *Hettenbach* with approval). The fact is that Plaintiff contacted BG to obtain legal advice, that she advised the lawyers of the facts of

5

her claim and the nature of her claim, and that the Bartley Goffstein lawyers in fact gave her legal advice regarding her claim. That they thereafter, belatedly, advised her that they could not represent her in a dispute between union members does nothing to change this.[1]

The Court further concludes that the remaining claims in this action are too closely related to the dismissed claims to allow BG to now step in and represent Defendants on the remaining claims. BG has not cited any cases in which a lawyer who was disqualified from representing a defendant in a plaintiff's suit for sexual harassment on the job was permitted to represent the same defendant in the same plaintiff's retaliation claim, in the same case, where the asserted protected activity in the retaliation claim was reporting the harassment underlying the harassment claim. While indeed, harassment and retaliation are separate claims, the Court concludes that here they are "substantially related" for purposes of Rule 4-1.9(a). *See generally Polish Roman Catholic St. Stanislaus Parish v. Hettenbach*, 303 S.W.3d 591, 602 (Mo. Ct. App. 2010) (discussing Missouri's approach to determining the existence of a "substantial relationship" under Rule 4–1.9).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the renewed motion filed by Defendants' former counsel in this case (Bartley Goffstein, L.L.C., Paul C. Hetterman, and James R.

---

[1] Further complicating any representation adverse to Plaintiff is her contention that BG's advice to her to file a grievance, and failure to advise her to retain counsel, contributed to her failure to check all appropriate boxes on her administrative charge, and the subsequent dismissal of her harassment claims.

Kimmey, III) for reconsideration of this Court's Memorandum and Order dated April 8, 2011, granting Plaintiff's motion to disqualify former counsel as Defendants' counsel in this case, is **DENIED**. (Doc. No. 103.)

                                              _____
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 25th day of January 2012.