UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESA DALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:10CV01090 AGF |
| | ) |
| PAINTERS DISTRICT COUNCIL NO. 2, | ) |
| JOSEPH BARRETT, and P.M. LEACH | ) |
| PAINTERS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant P.M. Leach Painting, Inc., ("P.M. Leach") to dismiss Count V of Plaintiff's Fifth Amended Complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, this motion shall be **GRANTED**.

## BACKGROUND

In Counts I through IV of her Fifth Amendment Complaint, Plaintiff claims that Defendants Painters District Council No. 2 and/or Joseph M. Barrett, a representative of the District Council, violated her rights under the free speech provision of the Labor Management Reporting and Disclosure Act ("LMRDA"), Title VII of the Civil Rights Act of 1964, the Missouri Human Rights Act ("MHRA"), and § 301 of the Taft-Hartley Act. These claims are based on the allegations that Barrett made lewd sexual comments to

Plaintiff, who was a painter and member of the District Council, and that after she complained about this at an open union meeting, the District Council and Barrett retaliated against her by advising employers, beginning in April 2009, not to hire her.

Count V of the Fifth Amended Complaint asserts a claim of "Civil Conspiracy" against the District Council and Barrett, as well as against P.M. Leach, an employer for whom Plaintiff had worked in the past. In this count, Plaintiff alleges that the three Defendants "had a meeting of the minds and conspired in violation of the LMRDA, Title VII and the MHRA by participating in the campaign to refuse to hire [Plaintiff] after April, 2009." Plaintiff does not specify whether this claim is brought under state or federal law for civil conspiracy. Plaintiff did not assert a direct claim under the LMRDA, Title VII, or the MHRA against P.M. Leach, and it is undisputed that Plaintiff did not initiate, much less exhaust, administrative remedies with respect to a Title VII or the MHRA claim against P.M. Leach.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if it appears that recovery is "very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (citation omitted). This, however, requires more than mere "labels and

conclusions," and the complaint must state a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570.

Under Missouri law, "[a] civil conspiracy consists of (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful acts, and (5) damages as the proximate result thereof." *Edmonds v. Hough*, 344 S.W.3d 219, 225 (Mo. Ct. App. 2011). "Civil conspiracy is not a cause of action in and of itself; rather, it acts to hold the conspirators jointly and severally liable for the underlying act." *8000 Maryland, LLC v. Huntleigh Fin. Servs. Inc.*, 292 S.W.3d 439, 451 (Mo. Ct. App. 2009). "In Missouri, if tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well." *W. Blue Print Co. v. Roberts*, ___ S.W.3d ___, 2012 WL 1339380, at *13 (Mo. 2012) (citation omitted).

Here, because Plaintiff did not exhaust a Title VII or MHRA claim with respect to P.M. Leach, a civil conspiracy claim under Missouri law against this Defendant based on violation of those laws fails. *See Borders v. Trinity Marine Prods., Inc.*, No. 1:10CV00146 HEA, 2011 WL 1045560, at *4 (E.D. Mo. March 17, 2011) (citing *Crow v. Crawford & Co.*, 259 S.W.3d 104, 121 (Mo. Ct. App. 2008). Similarly, the Court believes that a Missouri court would hold that because Plaintiff has no claim against P.M. Leach under the LMRDA, as that statute does not apply to employers, she cannot state a Missouri civil conspiracy claim against P.M. Leach based upon violation of that statute.

To pursue a claim for civil conspiracy under federal law, namely, under 42 U.S.C.

3

§ 1985(3), a plaintiff must set forth facts supporting four elements: "(1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive plaintiff either directly or indirectly of her civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). Further, to maintain an action under § 1985(3), a plaintiff must allege "that the conspiracy is fueled by some class-based, invidiously discriminatory animus." *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) (citation omitted).

In *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979), the Supreme Court held that "§ 1985(3) may not be invoked to redress violations of Title VII," because "[i]f a violation of Title VII could be asserted through § 1985(3), a complainant could avoid most if not all of [Title VII's] detailed and specific provisions." *Id*. at 372, 375-78. This Court concludes that, similarly, a federal civil conspiracy claim under § 1985(3) against P.M. Leach for violation of the MHRA also fails.

Plaintiff cannot proceed with Count V against P.M. Leach under § 1985(3) for violation of her rights under Title VII or the MHRA for the additional reason that she has no substantive claim against P.M. Leach under these two statutes cited by Plaintiff. *See Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004) ("Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights. The source of the right or laws violated must be found elsewhere.") (citing *Novotny*, 442 U.S. at 376). As noted above in discussing a claim for civil conspiracy under state law, Plaintiff has no claim

4

under Title VII or the MHRA against P.M. Leach because she did not exhaust administrative remedies for such a claim. Also as noted above, she has no substantive right against P.M. Leach for violation of the free speech provision of the LMRDA.

Lastly, to the extent that Plaintiff seeks to assert a conspiracy claim against P.M. Leach directly under the LMRDA, federal courts have consistently held that the LMRDA regulates only the relationship between the union and its members and not that between an employer and his employees, and that thus an allegation of an employer-union conspiracy is insufficient to confer subject matter jurisdiction over the employer under the LMRDA. *See Abrams v. Carrier Corp.*, 434 F.2d 1234, 1250 (2d Cir. 1970) (*cited with approval in Russom v. Sears, Roebuck & Co.*, 558 F.2d 439, 441 n.3 (8th Cir. 1977)); *Duncan v. Peninsula Shipbuilders Ass'n*, 394 F.2d 237, 239-40 (4th Cir. 1968) (holding that an employer could not be held liable under the LMRDA for conspiring with the union to effect the discharge of a union member).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant P.M. Leach Painting, Inc., to dismiss Count V of Plaintiff's Fifth Amended Complaint against it is **GRANTED**. (Doc. No. 127.)

**IT IS FURTHER ORDERED** that the parties shall confer, and on or before **June 25, 2012**, shall advise the Court (1) whether there is any further need for the

supplemental Rule 16 Conference currently scheduled for July 10, 2012, or if it should be canceled,[1] and (2) whether the parties remain prepared to proceed to trial on the current trial setting of July 23, 2012.

                                                            */s/ Audrey G. Fleissig*
                                                            AUDREY G. FLEISSIG
                                                            UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2012.

---

[1] The Rule 16 Conference had been scheduled after P.M. Leach was added as a new party in Plaintiff's Fifth Amended Complaint.