UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESA DALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01090 AGF |
| ) | |
| PAINTERS DISTRICT COUNCIL NO. 2, ) | |
| and JOSEPH M. BARRETT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the separate motions of Defendants Joseph Barrett and Defendant Painters District Council No. 2 ("the District Council") for summary judgement on Plaintiff Lesa Dalton's claims of retaliation against both Defendants under the Missouri Human Rights Act ("MHRA") and her claim of retaliation against the District Council under Title VII of the Civil Rights Act of 1964. The motions do not address Plaintiff's claim that the District Council violated the Labor Management Reporting Disclosure Act ("LMRDA") by retaliating against her for exercising her free speech rights.[1] For the reasons set forth below, both motions for (partial) summary shall be denied.

---

[1] By Memorandum and Order dated Nov. 10, 2011, the Court dismissed several other claims asserted by Plaintiff. (Doc. No. 98.)

## BACKGROUND

Plaintiff alleges in her fifth amended complaint that she was a female journeyman painter who, prior to April 18, 2009, had been employed as a painter and paperhanger by various contractors that had collective bargaining agreements with Defendant Painters District Council No. 2 ("District Council"). She alleges that during this period, Defendant Joseph Barrett, who at various times was the Business Manager and/or Secretary-Treasurer of the District Council, made lewd sexual comments to her and sexually propositioned her. Plaintiff further asserts that on April 15, 2009, in an open District Council meeting, Plaintiff complained about this conduct, and a letter she had written detailing the objectionable conduct was read at the meeting.

Plaintiff alleges that thereafter, in about July 2009, without her knowledge, her name was stricken from a list from which union members were referred to contractors for work. On September 29, 2009, a "Trial Board" of the District Council found Dalton guilty of making slanderous allegations of sexual harassment against Barrett (and fined Plaintiff $5,000), a decision that was reversed on April 26, 2010, by the General Executive Board of the international union. Plaintiff further alleges that starting on about April 18, 2009, Defendants began advising contractors with whom the District Council had collective bargaining agreements not to hire Plaintiff, and that since that time, she has not been able to find employment as a painter.

The Court previously determined that the letter complaining about sexual harassment was protected activity under Title VII, the MHRA. Defendants now argue, in

their joint memorandum and reply, that Plaintiff cannot make a submissible case on her retaliation claims because "the overwhelming majority of witnesses" identified by Plaintiff have testified that Barrett at no time instructed or otherwise encouraged them not to hire Plaintiff.  Defendants acknowledge the testimony of Pat Woods, a contractor who had previously hired Plaintiff, that Barrett made derogatory statements to him about Plaintiff, but Defendants assert that the conversation occurred while Barrett was only a union co-member with Plaintiff, not Business Manager of the District Council.

Defendants likewise acknowledge the testimony of District Council member Kent Kirby, stating that he overheard Barrett make a similar statement to Anthony Datillo, a project superintendent.  Defendants note that Kirby did not know whether Barrett was Business Manager at the time the statement was made.

Defendants stress that Plaintiff has not shown that Barrett or the District Council deleted her name from the out-of-work list.  They contend that Plaintiff has not accounted for the recession that limited the work available to all painters and paperhangers during the time Plaintiff was without work.  Defendants also argue that most of Plaintiff's evidence will be inadmissible and barred as hearsay or conjecture. They contend that Plaintiff shows no causal connection between her loss of work and the alleged retaliatory actions, nor does she show any adverse employment action undertaken by Barrett in a supervisory role.  Lastly, Defendants argue that Plaintiff ignores or selectively quotes the testimony of several contractors, all of whom made statements contrary to her claims.

**DISCUSSION**

**Summary Judgment Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts "in the light most favorable to the non-moving party" and must give that party the benefit of all reasonable inferences to be drawn from the record. *Shrable v. Eaton Corp.*, 695 F.3d 768, 770 -71 (8th Cir. 2012).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Credibility determinations and the weighing of the evidence are jury functions, not those of a judge." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (citation omitted).

**Retaliation Claims**

Title VII prohibits a labor organization from retaliating against a member who has opposed any practice Title VII makes unlawful. 42 U.S.C. § 2000e-3(a). To prevail on her Title VII retaliation claim, Plaintiff will have to prove that (1) she engaged in protected activity, (2) the union took adverse action against her, and (3) the adverse action was causally linked to the protected activity. *Martin v. Local 1513*, 859 F.2d 581, 585 (8th Cir. 1988). The standard for a retaliation claim under the MHRA "is more lenient than the standard applied in Title VII retaliation cases, in which a plaintiff must

4

prove that her opposition to unlawful discrimination was the 'but for' cause of the . . . adverse action." *Porter v. City of Lake Lotawana*, 651 F.3d 894, 898 (8th Cir. 2011).

Here, viewing the facts in the light most favorable to Plaintiff and giving her the benefit of all reasonable inferences to be drawn from the record, the Court cannot say as a matter of law that Defendants are entitled to judgment on Plaintiff's retaliation claims. The record reflects genuine issues of material fact that cannot be resolved at this stage. *See, e.g., Sandler v. Donley*, No. 4:11CV1119 CDP, 2012 WL 3155146, at *5 (E.D. Mo., Aug. 2, 2012) (denying in part motion for summary judgment on retaliation claim where record included testimony that defendants denied plaintiff required time to celebrate Jewish holidays; berated, cursed, and yelled at her; and denied her the flexible schedule that men in the office received).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Joseph Barrett's motion for summary judgment is **DENIED**. (Doc. No. 157.)

**IT IS FURTHER ORDERED** that Defendant Painters District Council No. 2 for summary judgment is **DENIED**. (Doc. No. 158.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2013.